UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY M. ABBAS and
EMILIA S. PARKER,

             Plaintiffs,

v.                                          Case No.  1:12-CV-607

BANK OF AMERICA N.A, as successor by             HON. GORDON J. QUIST
merger to BAC Home Loans Servicing, L.P.,
f/k/a Countrywide Home Loans Servicing,
L.P.,

             Defendant.

_____/

## OPINION

Plaintiffs, Jeffrey M. Abbas and Emelia S. Parker, filed a twelve-count Complaint against

Defendant, Bank of America N.A.,[1] (BANA), in the Antrim County Circuit Court on May 3, 2012,

alleging the following claims: (1) violations of foreclosure laws (Count I); (2) breach of contract

(Count II); (3) fraud/misrepresentation (Count III); (4) fraud in the inducement (Count IV); (5) quiet

title (Count V); (6) slander of title (Count VI); (7) slander by false publication (Count VII); (8)

violations of M.C.L. § 600.3205(c) (Count VIII); (9) promissory estoppel (Count IX); (10) violation

of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (Count X); (11) relief from sheriff sale

and/or set aside foreclosure (Count XI); and (12) declaratory and injunctive relief (Count XII).  All

of Plaintiffs' claims arise out of BANA's nonjudicial foreclosure of a mortgage on Plaintiffs'

property.

BANA timely removed the case to this Court on April 25, 2012, alleging both federal

question and diversity jurisdiction as the basis for the removal.  BANA now moves for dismissal of

_____

[1] BANA is the successor by merger to BAC Home Loans Servicing, L.P.  (Notice of Removal, docket no. 1.)

the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2]  For

the reasons set forth below, the Court will grant BANA's motion and dismiss the Complaint with

prejudice.

## I. BACKGROUND

The following facts are based on the allegations in Plaintiffs' Complaint, the documents

attached to the Complaint, matters of public record, and exhibits attached to BANA's motion that

are referred to in the Complaint.[3]

On April 28, 2006, Plaintiffs obtained a mortgage loan from Countrywide Bank, N.A. in the

amount of $167,400, to purchase real property known as 13990 Torch River Road, Rapid City,

Michigan 49676 (Property).  (Compl. ¶¶ 6, 7, 11; Def.'s Br. Supp. Mot. Ex. A.)  Plaintiffs granted

a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee

for Countrywide, to secure repayment of the loan.  (Compl. ¶¶ 6, 32; Def.'s Br. Supp. Mot. Ex. B.)

MERS assigned the mortgage to BANA on or about August 4, 2011, and the assignment was

recorded in the Antrim County Register of Deeds on August 17, 2011.  (*Id.* Ex. C.)

At some point, Plaintiffs defaulted on their loan.  Plaintiffs allege that they requested and

applied for numerous loan modifications, but BANA eventually denied them a modification.

(Compl. ¶¶ 14–18.)    BANA initiated a foreclosure by advertisement, pursuant to M.C.L. §

600.3205a.  On November 4, 2011, a sheriff's sale was held, at which BANA purchased the Property

---

[2] Although BANA requests oral argument, the Court concludes that oral argument is unnecessary.

[3] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment.  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

for $186,486.73.  (Sheriff's Deed, Def.'s Br. Supp. Mot. Ex. D.)  The six-month statutory

redemption period expired on May 4, 2012.  M.C.L. § 600.3240(8).

Plaintiffs did not redeem the Property prior to the expiration of the statutory redemption

period.  Instead, on May 3, 2012—one day before the expiration—Plaintiffs filed the instant lawsuit

requesting that the Court set aside the foreclosure and enjoin BANA from evicting Plaintiffs.

## II.  MOTION STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are

not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).  The court must accept all of

the plaintiff's factual allegations as true and construe the complaint in the light most favorable to

the plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  The court must determine

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009).  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*,

550 U.S. at 556, 127 S. Ct. at 1965).  "[W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).[4]

### III. DISCUSSION

**A. Plaintiffs' Foreclosure-Related Claims (Counts I, VIII, and XI) Provide No Basis to Invalidate the Sheriff's Sale**

In Michigan, the rights of a mortgagor and mortgagee after foreclosure are controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52, 503 N.W.2d 639, 642 (1993). The foreclosure statute provides that once the redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law. M.C.L. § 600.3236; *see Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–88, 4 N.W.2d 514, 517 (1942). The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, No. 12-1056, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012). Thus, to upset the foreclosure once the redemption period has expired "would require a strong case of fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich.

---

[4] Plaintiffs attach an affidavit of Plaintiff Jeffrey M. Abbas to their response to Defendant's motion. Because the instant motion is a Rule 12(b)(6) Motion to Dismiss and not a Motion for Summary Judgment under Rule 56, the Court's review is limited to the facts and legal claims set forth in the Complaint, as well as the documents attached to and referenced in the Complaint. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011) (noting that "Rule 12(b)(6) scrutiny is limited to the pleadings . . . exhibits attached to the complaint, as well as exhibits attached to defendants' motion to dismiss that are referred to in the complaint"). Moreover, even if Defendant's motion were a Rule 56 motion, the Court could not consider the affidavit because it is unnotarized, and, therefore, not proper summary judgment evidence. *See Semien v. Pizza Hut of Am., Inc.*, No. 98-31163, 1999 WL 1328060, at *2 (5th Cir. Dec. 13, 1999) (noting that "it goes without saying that an unsigned, unnotarized affidavit is *not* valid summary judgment evidence" (italics in original)).

402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)).

Although Plaintiffs have alleged a claim of fraud/misrepresentation in their Complaint (Count III), they allege no fraud in connection with the foreclosure.  Instead, in Count I, Plaintiffs allege that BANA lacked standing to foreclose on the Property because: (1) it has no proof that it owns both the Note and the Mortgage; (2) the Note became unsecured because the Note and Mortgage were split when Plaintiffs granted the Mortgage to MERS and gave the Note to Countrywide; and (3) BANA failed to list the contents of the advertisement, prepared affidavits in advance of the auction for filing with the Register of Deeds, and failed to file Notices of Adjournments and/or notify Plaintiffs of such adjournments.  (Compl. ¶¶ 44–45, 52.)  In Count VIII, Plaintiffs request that the Court set aside the sheriff's sale because BANA failed to work with Plaintiffs to determine whether they were eligible for a loan modification, as required by M.C.L. § 600.3205c.  Finally, in Count XI, Plaintiffs assert a claim for relief from the sheriff's sale and/or foreclosure because "error occurred when this mortgage went from the original mortgagee to Defendant, damaging Plaintiffs and resulting in the home being foreclosed upon and sold at sheriff sale."  (*Id.* ¶ 123.)

Pursuant to Michigan's foreclosure by advertisement statute, a party may foreclose a mortgage if it is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  M.C.L. § 600.3204(1)(d).  In addition, if the foreclosing party is not the original mortgagee, the "a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(3).  It is undisputed that prior to initiating the foreclosure, MERS assigned the Mortgage to BANA, and BANA recorded the assignment in the Register of Deeds.

5

Although Plaintiffs do not dispute that there was a record chain of title showing that MERS had assigned the Mortgage to BANA prior to the foreclosure, Plaintiffs still contend that the foreclosure was invalid because BANA has no proof that it owns the Note and nothing in the public record shows that BANA owns the note. (Pls.' Resp. Br. at 9.) Plaintiffs' argument lacks merit for several reasons. First, Plaintiffs cite no provision in Michigan's foreclosure statute that requires a foreclosing party to show that it possesses the Note. Second, as BANA explains, it obtained the Note by operation of law through a series of mergers. (Def.'s Br. Supp. at 2 n.2.)[5] Finally, Plaintiffs' argument that the foreclosing party must possess or own the note is contrary to Michigan law. In *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), the Michigan Supreme Court explained that,

> [A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).

*Id.* at 909, 805 N.W.2d at 183. Thus, BANA's record interest in the Mortgage, alone, was sufficient to allow it to foreclose.

Plaintiffs' argument that the splitting of the Note and Mortgage rendered BANA unsecured also lacks merit. As one court has observed, "MERS acts as nominee for both the originating lender and its successors and assigns. Therefore, the mortgage and note are not split when the note is sold." *Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472, at *5 (E.D. Mich. Jan. 16, 2013) (citing *Golliday v. Chase Home Fin., LLC*, No. 1:10-cv-532, 2011 WL 4352554, at *8–9 (W.D. Mich. Aug. 23, 2011)).

---

[5] In fact, Plaintiffs recognize BANA's successor status in the caption of their Complaint.

6

Plaintiffs offer no argument regarding their allegations that BANA failed to accurately list the contents of the advertisement, prepared affidavits in advance of the sheriff's sale, and failed to file Notices of Adjournments or notify Plaintiffs of such adjournments.  Accordingly, the Court deems this argument forfeited.  *See 600 Marshall Entm't Concepts, LLC v. City of Memphis*, __ F.3d __, 2013 WL 379784, at *7 (6th Cir. Feb. 2, 2013).  Moreover, contrary to Plaintiffs' allegations, the attachments to the Sheriff's Deed set forth the contents of the advertisement, and the Sheriff's Deed itself states that the sale was "adjourned on a weekly basis from September 30, 2011 to November 4,2011 by posting a notice of adjournment at the place of sale for Antrim County, Michigan."  (Sheriff's Deed, Def.'s Br. Supp. Mot. Ex. D.)

Finally, Plaintiffs contend that the foreclosure sale should be set aside because BANA had a duty pursuant to M.C.L. § 600.3205c to modify their loan.  Plaintiffs further contend that BANA undertook an independent duty to review their loan modification request as a result of its own policies and written oral promises.  Plaintiffs contend that by proceeding with the sheriff's sale before acting on Plaintiffs' loan modification request, BANA deprived Plaintiffs of the opportunity to try to stop the sale or cure the default.

Plaintiffs' reliance on M.C.L. § 600.3205c cannot provide a basis to undermine the foreclosure sale because Plaintiffs do not allege that they contacted a housing counselor.  Pursuant to M.C.L. § 600.3205a(1), a mortgagee who seeks to foreclose by advertisement must, among other things, provide a list of housing counselors and notify the borrower of the opportunity to request the assistance of a housing counselor in a meeting with the foreclosing party's representative.  M.C.L. § 600.3205a(1)(d); *see also* M.C.L. § 6000.3205b(1) ("A borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the

borrower.") The loan modification procedures set forth in M.C.L. § 600.3205c apply only "[i]f a borrower has contacted a housing counselor under section 3205b." Although the attachments to the Sheriff's Deed show that BANA's representative complied with M.C.L. § 600.3205a(1) by providing a list of housing counselors, Plaintiffs do not allege in their Complaint, nor even argue in their response to BANA's motion, that they contacted a housing counselor. Thus, the Court has no basis to apply § 600.3205c. *See Smith v. Bank of Am. Corp.*, 458 F. App'x 749, 756 (6th Cir. 2012) ("But even independent of fraud, the Smiths' claim fails because it does not allege facts that would trigger a cause of action under § 600.3205(c) [sic]. For example, the Smiths do not allege that they contacted a housing counselor and completed 'the process.'"). Furthermore, Plaintiffs cite no law imposing an independent duty on BANA to complete its review of Plaintiffs' loan modification request prior to proceeding with a nonjudicial foreclosure. Even so, Plaintiffs concede that BANA did review their application, and ultimately determined that Plaintiffs did not qualify for a modification. Finally, regarding Plaintiffs' argument that BANA's acts somehow denied Plaintiffs the opportunity to try to stop the sale or cure the default, Plaintiffs fail to explain how BANA's acts could have prevented Plaintiffs from doing either of these things.

Thus, Counts I, VIII, and XI will be dismissed because Plaintiffs have shown no valid basis to set aside the foreclosure and/or sheriff's sale.

**B.      Plaintiffs Lack a Legal Basis for Their Breach of Contract Claim**

In Count II, Plaintiffs allege that BANA had a duty to review and approve Plaintiffs' loan modification application as a result of BANA's participation in the federal Home Affordable Mortgage Program (HAMP). This claim, which relies on the existence of HAMP, fails as a matter of law because HAMP does not provide a private right of action. *See Fannie Mae v. Mandry*, No. 12-13236, 2013 WL 687056, at *8 (E.D. Mich. Feb. 26, 2013) (noting that the plaintiffs could not

state a claim for relief based on a violation of HAMP because there is no private right of action under HAMP); *Brown v. Bank of N.Y. Mellon*, No. 1:10-CV-550, 2011 WL 206124, at *2 (W.D. Mich. Jan. 21, 2011) (dismissing the plaintiff's breach of contract claim premised on HAMP because, among other reasons, HAMP does not provide for a private right of action). Moreover, HAMP does not confer third party beneficiary status on borrowers, such as Plaintiffs. *See Blackmore v. Wachovia Mortg. Corp.*, No. 2:12-CV-250-DN, 2013 WL 504388, at *3 (D. Utah Feb. 8, 2013) (noting that "courts around the country have, with near unanimity rejected borrowers' claims to being a third-party beneficiary to the HAMP agreement between the lender and the federal government" (internal quotation marks omitted)).

Moreover, Plaintiffs simply allege that BANA "agreed to provide Plaintiffs with a loan modification application and agreed that if they qualified for relief under the federal making homes affordable loan modification program or any internal loan modification program that they would be provided a loan modification." (Compl. ¶ 55.) Plaintiffs do not allege whether this alleged agreement was written or oral. To the extent the alleged agreement is oral, it would be barred by Michigan's statute of frauds, which states in relevant part:

> With regard to claims against financial institutions, Michigan's statute of frauds provides:
>
> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2). This provision applies to actions against financial institutions based upon a promise to modify a loan and is "'unambiguous.'" *Ennis v. Wells Fargo Bank, N.A.*, No. 1:10-CV-751, 2011 WL 1118669, at *3 (W.D. Mich. Mar. 25, 2011) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000)). Moreover, it applies to any "claim–no matter its label–against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Tech.*, 242 Mich. App. at 550, 619 N.W.2d at 72. On the other hand, to the extent Plaintiffs rely upon a written agreement, they fail to allege as much in their Complaint, and neither attach a copy to their Complaint nor provide a copy in response to BANA's motion. Accordingly, Plaintiffs' breach of contract claim must be dismissed.

**C.    Plaintiffs Fail to State Valid Claims for Fraud/Misrepresentation, Fraud in the Inducement, and Promissory Estoppel**

Count III, a claim for fraud/misrepresentation, alleges that BANA "made material representations to Plaintiffs that their initial loan modification application had been denied because Plaintiffs [sic] 'current monthly housing expenses are less than or equal to 31% of their gross monthly income.'" (Compl. ¶ 62.) Plaintiffs allege that this statement was false because BANA's financial calculations were incorrect and that Plaintiffs relied on this misrepresentation by reapplying for a loan modification. (*Id.* ¶ 66.) In Count IV, Plaintiffs allege a claim for fraud in the inducement, in which they state that BANA "made material representations to Plaintiffs that their subsequent loan modification application would be reviewed to determine if they were eligible for a loan modification." (*Id.* ¶ 69.) Plaintiffs allege that this statement was false at the time BANA's agent made it and that Plaintiffs relied on this misrepresentation "by continuing to submit loan modification documents and not seek alternative financing or other methods to keep the home." (*Id.*

¶ 72.) In addition, in Count IX, Plaintiffs allege a claim for promissory estoppel that essentially repeats the fraud in the inducement claim—that BANA represented that it would review Plaintiffs' loan modification application to determine if Plaintiffs supplied all the requested documentation and that Plaintiffs acted reasonably in reliance on BANA's representations. (*Id.* ¶¶ 110–11.)

BANA contends that both of Plaintiffs' fraud-based claims are subject to dismissal because Plaintiffs allegations fail to comply the particularity requirements of Federal Rule of Civil Procedure 9(b). Even if Plaintiffs' allegations comply with Rule 9(b)—an issue the Court need not decide—their claims fail for other reasons.

In order to state a claim for fraud, a plaintiff must allege that: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *M & D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 26–27, 585 N.W.2d 33, 36 (1988).

Plaintiffs allege that BANA, through its agent or representative, falsely stated that Plaintiffs' currently monthly housing expenses were less than or equal to 31% of Plaintiffs' gross monthly income and that BANA's representatives or agents knew that the calculations were false or made them recklessly without any knowledge of their truth as a positive assertion. Plaintiffs further allege that BANA's agents or representatives made the misrepresentations with the intent that Plaintiffs should act on them. With the exception of the substance of the alleged false statement, these allegations, are little more than legal conclusions that parrot the elements of a fraud/misrepresentation claim. In other words, Plaintiffs fraud claim lacks much of the required

factual allegations. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965)). For example, Plaintiffs simply allege that BANA's agents or employees knew the alleged misrepresentation was false or made it recklessly, without providing any factual content to support this allegation. In addition, Plaintiffs' fraud claim fails because their alleged reliance on BANA's statement was unreasonable as a matter or law. "There can be no fraud where a person has the means to determine that a representation is not true." *Cummins v. Robinson Twp.,* 283 Mich. App. 677, 696, 770 N.W.2d 421, 435 (2009) (quotation omitted)). In this case, Plaintiffs allege that BANA made a false statement based on information that Plaintiffs provided to BANA in support of their loan modification application. Plaintiffs thus had all the information they needed to determine that BANA's representations regarding Plaintiffs' monthly gross income were incorrect. The point, however, is that this error could not have misled Plaintiffs in the fraud sense because Plaintiffs had, according to them, the correct information in their own possession. In other words, there could be no reasonable reliance on BANA's "misrepresentation."

Plaintiffs' fraud in the inducement claim fails for similar reasons. "A fraud in the inducement occurs when the defendant materially misrepresents its future conduct, reasonably expects the plaintiff to rely on the misrepresentation, and the plaintiff does rely on the misrepresentation by taking a detrimental action the plaintiff would not otherwise have taken." *IF Props., L.L.C. v. Macatawa Bank Corp.*, No. 307554, 2012 WL 4799310, at *2 (Mich. Ct. App. Oct. 9, 2012) (per curiam). Plaintiffs' claim fails because BANA did not materially misrepresent its future conduct. Plaintiffs allege that BANA represented that Plaintiff's "loan modification application would be reviewed to determine if they were eligible for a loan modification." (Compl. ¶ 69.) However, Plaintiffs admit that BANA did eventually review their loan modification—exactly

12

as BANA represented it would do.  (*Id.* ¶¶ 18, 62.)  Nothing in Plaintiffs' allegations suggest that continuing to submit loan modification documents was somehow detrimental, nor do Plaintiffs show why it was reasonable for them not to seek alternate financing without a response from BANA. Plaintiffs do not allege that BANA stated it would actually *modify* their loan, but only that it would review their modification application.

Plaintiffs' promissory estoppel claim fails for similar reasons: Plaintiffs concede that BANA actually reviewed and denied their request for a modification, and Plaintiffs fail to show how they reasonably relied on BANA's alleged representations.  *See Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App. 16, 41, 761 N.W.2d 151, 166 (2008) ("The promise must be definite and clear, and the reliance on it must be reasonable.") (citing *Ypsilanti Twp. v. Gen. Motors Corp.*, 201 Mich. App. 128, 134, 506 N.W.2d 556, 559 (1993) (per curiam)).

Finally, to the extent Plaintiffs rely on an alleged oral promise to modify their loan as the basis for their fraud and promissory estoppel claims, such claims are barred by Michigan's statute of frauds.  *See Smith*, 485 F. App'x at 753; *Blackward Props., LLC v. Bank of Am.*, 476 F. App'x 639, 641–42 (6th Cir. 2012).

## D.      Plaintiffs Fail to Allege a TILA Violation

In Count X, Plaintiffs allege that BANA violated TILA by failing to notify Plaintiffs of the assignment of the mortgage.  The TILA section that Plaintiffs cite, 15 U.S.C. § 1641(g)(1), does not require notification to the borrower when a *mortgage* is assigned.  Rather, that section requires notification when "the mortgage *loan* is sold or otherwise transferred or assigned to a third party." (Italics added).  Recognizing this problem, Plaintiffs state in their response that "[i]t is Plaintiffs' position that they were never notified when their loan was transferred from the original lender, Countrywide to Defendant."  (Pls.' Resp. at 18.)  As BANA notes, however, even if Plaintiffs' claim

13

were that BANA failed to notify Plaintiffs when the loan was transferred from Countrywide to BANA, such a claim would be barred by the statute of limitations.  Claims under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e); *see also Shaya v. Countrywide Home Loans, Inc.*, 489 F. App'x 815, 818–19 (6th Cir. 2012).  Because BANA assumed Plaintiffs' loan by merger on April 27, 2009, Plaintiffs' TILA claim is tardy by more than two years.  Thus, the TILA claim must be dismissed.

**E.      Plaintiffs' Quiet Title, Slander of Title, Slander by False Publication, and Declaratory and Injunctive Relief Claims All Lack Merit**

In Counts V through VII and XII, Plaintiffs allege claims for quiet title, slander of title, slander by false publication, and declaratory and injunctive relief, all of which are premised on the alleged invalidity of the foreclosure based on BANA's lacked of an interest in, or possession of, the Note.  For example, regarding their quiet title claim, Plaintiffs allege that in spite of the Sheriff's Deed BANA obtained, Plaintiffs have a superior interest in the Property "based on the fact that Defendant has absolutely no interest in the indebtedness at issue, Defendant cannot produce the original note at issue and is not the holder of the original note and other inequitable conduct of Defendant."  (Compl. ¶ 80.)  Similarly, regarding the slander of title claim, Plaintiffs allege that "Defendant continues to slander Plaintiffs' property by wrongfully commencing a foreclosure by advertisement and by publishing a notice of foreclosure as if they were the actual holder of the note at issue when they are not."  (*Id.* ¶ 85.)

As discussed above, Plaintiffs' argument that the foreclosure was invalid lacks merit because BANA was the mortgage holder of record and thus was entitled to foreclose under Michigan's foreclosure statute.  In addition, BANA owned the note as a matter of law.  Because Plaintiffs' quiet title, slander of title, slander by false publication, and declaratory and injunctive relief claims all

depend on Plaintiffs' erroneous contention that the foreclosure and/or sheriff's sale was invalid, these claims fail as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant BANA's Motion to Dismiss and dismiss Plaintiffs' Complaint with prejudice.

An Order consistent with this Opinion will be entered.

Dated:  March 29, 2013                                    _____/s/ Gordon J. Quist_____
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE